UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Derek Sutton; and Simanco Staley, | : |
| | : Civil Action No.: _____ |
| Plaintiffs, | : |
| v. | : |
| | : |
| Capital Link Management LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiffs, Derek Sutton and Simanco Staley, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Derek Sutton ("Sutton"), is an adult individual residing in Fruitland, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Plaintiff Simanco Staley ("Staley"), is an adult individual residing in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Capital Link Management LLC ("Capital"), is a New York business

entity with an address of 100 Corporate Parkway, Suite 106, Amherst, New York 14226, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Capital and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Capital at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Capital for collection, or Capital was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Capital Engages in Harassment and Abusive Tactics – Facts relevant to Derek Sutton

13. Within the last year, Capital began contacting Sutton in an attempt to collect the Debt.

14. On or about March 31, 2020, Capital left two voicemail messages on Sutton's cellular telephone.

15. In its messages, Capital failed to disclose that the calls were from a debt collector.

16. Capital stated that the calls were regarding a "breach of contract," leading Sutton to believe that legal action had been taken when it had not.

17. Capital's actions caused Sutton a great deal of confusion and frustration.

### C. **Capital Engages in Harassment and Abusive Tactics – Facts relevant to Simanco Staley**

18. In mid February 2020, Capital began calling Staley's work phone in an attempt to collect the Debt

19. Staley informed Capital that she was not allowed to receive personal calls at work and asked Capital to stop calling her place of employment.

20. Nevertheless, Capital continued placing collection calls to Staley's work phone, causing frustration and distress to Staley.

21. In addition, Capital called Staley's cell phone and left voicemail messages.

22. In its voicemail messages, Capital failed to identify itself by name and further failed to disclose that the call was from a debt collector.

23. Capital's actions caused Staley a significant amount of confusion and anxiety.

### D. **Plaintiffs Suffered Actual Damages**

24. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## AS TO DEREK SUTTON

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
## AS TO SIMANCO STALEY

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

36. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

37. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

39. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

40. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

41. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

42. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

43. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

44. The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

45. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.
## AS TO DEREK SUTTON

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

48. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

49. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

50. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT IV
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.
## AS TO SIMANCO STALEY

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

53. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

54. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

55. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 28, 2020

                                                Respectfully submitted,

                                        By   /s/ Sergei Lemberg
                                        Sergei Lemberg, Esq.
                                        LEMBERG LAW, L.L.C.
                                        43 Danbury Road, 3rd Floor
                                        Wilton, CT 06897
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        ATTORNEYS FOR PLAINTIFFS